### Town of NORTHFIELD *v.* Town of ROXBURY.

A married woman is not liable to be removed, as a pauper, from her hus-
band, or from the place of his actual residence, to the place of her own
legal settlement, though the husband may have no settlement within the
state.

TWO JUSTICES ordered the removal of one Mary Nary
from Northfield to Roxbury. On appeal, the following plea
and replication were interposed : —

And for further plea in this behalf, the said town of Rox-
bury, leave being first had, say that said Northfield ought to
be barred from having and maintaining said order of removal
because they say that at the time said order was made, and a
long time before, to wit, for five years, the said Mary was,
and still is the lawful wife of one Edward Nary, who then,
and long before, and ever since resided in said town of North-
field, and then and there had his domicil, and still resides
there, and is now living, and the said Mary, during all that
time, resided in said Northfield until she was removed under
said order to said Roxbury, which they are ready to verify.
Wherefore, they pray judgment that said Northfield be bar-

red from having and maintaining their said order, and for

their costs.

And the said Northfield, in answer to the plea of the said Roxbury, secondly above, pleaded in bar, say, that for anything therein contained, said Northfield ought not to be barred from having and maintaining their said order of removal against said Roxbury, because, although true it is that the said Mary Nary, the pauper in said order of removal, named, was, at the time of making said order, the lawful wife of one Edward Nary, who then lived in said Northfield, yet, the said Edward Nary was, at the time of his marriage with the said Mary, a foreigner, and had not, at that time, nor has he since, gained a legal settlement in said Northfield, nor in any other town in this state, and this the said Northfield is ready to verify.

To this replication the appellants demurred generally, and the plaintiffs joined in demurrer. The county court adjudged the replication insufficient; to which decision the plaintiffs excepted.

*J. L. Buck,* for plaintiffs.

The question for decision, in this case, arises upon the second plea in bar, of the defendant, and replication thereto, to which there is a general demurrer.

The demurrer reaches the first defective plea, and, unless the facts stated in that plea are sufficient to bar the plaintiff, the judgment of the county court is erroneous.

The plea alleges that the pauper was, at the time of making the order, the lawful wife of one Edward Nary, who, for five years before, and at that time had his domicil in Northfield. It does not allege that either the pauper or her husband had a legal settlement there.

The replication shows that the husband of the pauper was a foreigner and had not gained a legal settlement in Northfield, nor in any other town in the state.

Unless the fact that the pauper was a married woman, and that her husband, with her, had their domicil in Northfield, is a sufficient reason why she should not be removed, the plea in bar is insufficient.

The statute provides that, " a married woman shall always follow and have the settlement of her husband if he have any

WASHINGTON, within this state, otherwise, her own, at the time of her mar-
March,
1843.   riage, if she have any, shall not be *lost or suspended* by the

Northfield   marriage." R. S. chap. 15, §1, p. 99.
v.
Roxbury.   It would seem that the statute is broad enough to reach
this case.

It may be urged by the defendant that a married woman cannot be removed from her husband, but if so, what is the meaning of the term " *suspended,* " in the statute above cited ?

I can see no other meaning, than that a marriage of a woman with a man having no settlement in the state, shall not prevent her removal at any time when she shall be poor and in need of relief. *Lebanon v. Hebron,* 6 Conn. R. 45. Reported in vol. 1st, 2nd series.

*L. B. Peck,* for appellants.

The opinion of the court was delivered by

ROYCE, J. — It must be intended from the pleadings that the pauper's maiden settlement was in the town of Roxbury. And the present statute enacts that, since her husband has no settlement within the state, her settlement shall be neither lost nor suspended by her marriage. The question is, wheth- er, by force of this statute, she is liable to be removed from her husband, or from the place of his domicil and personal residence.

The extent to which the statute was intended to operate is somewhat doubtful. It is evident, however, that it may operate to important purposes, without authorizing a removal of the wife in a case like the present. In proof of this I need only mention its effect in reference to the children of such a marriage. Under the statute these at once take the settle- ment of their mother, in conformity with the doctrine held in *Newton v. Stratford,* 3 Conn. R. 600, and *Lebanon v. Hebron,* 6 do. 45. Whereas, if her settlemont were left sus- pended according to the old law as generally received, it might be doubted whether the children could ever derive a settlement from her, unless, by reason of the husband's de- sertion and leaving the state, or the dissolution of the mar- riage by divorce, or by the husband's death, her settlement should be revived before the children became of age, or

emancipated.    See *Bethel* v. *Tunbridge,* 13 Vt. R. 446. We are not to suppose the legislature to have been unmindful of that great principle of social and moral policy, which forbids the coercive separation of the wife from her husband, except for crime.   It was recognized as pervading our system of poor laws in *Hartland* v. *Pomfret,* 11 Vt. R. 443.   Nor are we disposed to infer a design to break in upon this principle, so long as the words of the recent act will admit of a less rigorous construction.   Now the liability of the wife, whenever she becomes chargeable as a pauper, to be thus taken from her husband and family to the place of her legal settlement, is no where expressly affirmed in the statute.   If the liability exists, it must result as the necessary consequence of her being a pauper and having a settlement.   And it is true that when these facts concur, there is generally a right in the town where the pauper resides to cause an immediate removal.   But this general rule, like most others, has its exceptions.   Some legal impediment may intervene to prevent a removal, without any loss or suspension of settlement.   Thus, children of that tender age which requires the nurture of a mother, are not removable from her to their place of legal settlement.   Nor can a person, owning and occupying a freehold estate, be removed from it, however inadequate it may be to furnish the needed support.   *Londonderry* v. *Acton,* 3 Vt. R. 129 ; *Randolph* v. *Braintree,* 10 do. 442.   And since the point under consideration is left, to say the least, in doubt by the statute, we think the condition of a wife whilst living with her husband, or under his immediate control and protection, should be treated, for the present purpose, as being analogous to that of the persons just named ; and, consequently, that though this pauper has a settlement in Roxbury, she is not at present liable to be removed.

The judgment of the county court is, therefore, affirmed.